FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMI MITRI, | No. 11-17836 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00538-AWI-SKO |
| v. | |
| WALGREEN CO., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted October 17, 2013
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and KENDALL, District Judge.**

Sami Mitri appeals the judgment of the district court granting a post-trial

motion for judgment as a matter of law following a jury trial.  The jury entered a

verdict against Walgreen Co. ("Walgreens") for wrongfully discharging Sami Mitri

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Virginia M. Kendall, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

and awarded Mitri $88,000 in economic damages, $0 in non-economic damages, and $1.155 million in punitive damages. Walgreens cross-appeals as to the constitutionality of the punitive damage award, if it is reinstated. We affirm in part, reverse in part, and remand.

I

The district court did not abuse its discretion in denying Mitri's motion for a new trial as to non-economic damages. A motion for new trial under Federal Rule of Civil Procedure 59(a) may be granted "only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Here, the district court did not abuse its discretion in concluding that the jury's award of zero non-economic damages was supported by the evidence. In particular, the court noted the unreliability of Mitri's own testimony; his demeanor; his failure to seek psychiatric help for ten months after his termination, despite allegedly severe symptoms; the vague and unconvincing testimony of the only corroborating witness; and the inherent implausibility that Mitri's symptoms would persist to the degree and length he claimed. The district court properly applied the correct standard and did not abuse its discretion in denying the motion.

II

The district court erred in granting Walgreens' motion for judgment as a matter of law on the punitive damage award, a decision we review de novo. *Lawson v. Umatilla Cnty.*, 139 F.3d 690, 692 (9th Cir. 1998). We affirm a district court's judgment as a matter of law under Federal Rule of Civil Procedure 50(b) only "when the evidence permits a reasonable jury to reach only one conclusion" — the one the district court reached. *Id.* Here, the district court overturned the jury's punitive damages award on the ground that no Walgreens employee responsible for the termination decision was a "managing agent," a prerequisite in California for punitive damages against a corporation.[1] Cal. Civ. Code § 3294(b).

Under California law, managing agents are "corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 565, 566-67 (1999). Corporate policies are those that "affect a substantial portion of the company and that are the type likely

---

[1] Mitri waived his argument that the proper burden of proof for establishing a "managing agent" was "preponderance of the evidence" by not objecting at trial, and so we do not address it. Mitri's request that we certify this question to the California Supreme Court is denied.

to come to the attention of corporate leadership." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 715 (2009).

Although the evidence was disputed, a jury could have reasonably inferred that Hasty was a managing agent from the totality of the evidence. Hasty, a 34-year employee of Walgreens, occupied a position four levels below the president of Walgreens, had responsibility for a market including four states, coached store managers across that jurisdiction on improving sales and profits, made personnel decisions with apparent authority that might implicate company-wide policies, approved of decisions contrary to corporate policy, and was treated by other employees as having substantial authority. California courts have held corporate employees to be "managing agents" under § 3294 with similar levels of authority. *See, e.g.*, *White*, 21 Cal. 4th at 577 (a "zone manager" responsible for managing eight stores and 65 employees was a managing agent); *Major v. Western Home Ins. Co.*, 169 Cal. App. 4th 1197, 1220 (2009) (a claims adjustor with responsibility for 35 employees and no day-to-day oversight was a managing agent); *Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 428-29 (2007) (a vice president of district operations with substantial authority to make personnel decisions, but whose responsibilities were limited to a specific geographical area, was a managing agent).

## III

Walgreens contends in its cross-appeal that the punitive damages award of $1.155 million is constitutionally excessive in violation of due process. The district court did not reach this question because it granted Walgreens' motion for judgment as a matter of law on punitive damages. Because the district court has not had an opportunity to address this issue, we remand it for the district court's consideration in the first instance. Each party shall bear its own costs on appeal.

**AFFIRMED in part; REVERSED in part; REMANDED.**